UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. ED CV 19-0742-DOC (AGRx)                    Date: May 24, 2019

Title: ABELARDO MARTINEZ, JR. ET AL V. MATRIX HEALTH PRODUCTS, INC., ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION TO REMAND [11]**

Before the Court is Plaintiffs Abelardo Martinez, Jr. and Anita Ogletree ("Plaintiffs") Motion to Remand ("Motion") (Dkt. 11). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand.

## I.   Background

### A.   Facts

The Court adopts the facts as set out in Plaintiff's Complaint (Dkt. 1-1). Defendant Matrix Health Products, Inc. ("Defendant") offers a website, which provides a breadth of information concerning its products and other amenities and services, privileges, advantages, and accommodations. Compl. ¶ 21. It is Defendant's policy and practice to deny blind users, including Plaintiffs, equal enjoyment of and access to the Website. *Id*. ¶ 22. Due to Defendant's failure and refusal to remove access barriers on the website, Plaintiffs and other blind and visually impaired individuals have been denied equal

enjoyment of and access to Defendant's services, advantages, privileges, and accommodations offered to the public through the website. *Id*.

### B.   Procedural History

On March 1,2019, Plaintiffs filed the Complaint in California Superior Court, County of Riverside. Dkt. 1-1. On April 22, 2019, Defendant removed. Dkt. 1. Defendant argues that it offered to agree to remand if Plaintiffs would stipulate that they are not seeking or claiming any relief under the Americans with Disabilities Act ("ADA"). Mot. at 2. Plaintiffs then filed the present Motion. Defendant opposed ("Opp'n") (Dkt. 14) and on May 20, 2019, Plaintiffs replied ("Reply") (Dkt. 16).

Plaintiffs assert a single cause of action in the Complaint: Violations of the Unruh Civil Rights Act, California Civil Code § 51 et seq. (the "Unruh Act"). Compl. at 10–12. Plaintiffs pray for a judgment that Defendant violated Plaintiffs' rights under the Unruh Act and for a preliminary and permanent injunction requiring Defendant to take the steps necessary to make the Website, www.earthsbounty.com, readily accessible to and usable by visually impaired individuals. *Id*. at 12. Plaintiffs expressly limit the injunctive relief to require that Defendant expend no more $74,999 total. *Id*. And Plaintiffs expressly limit the total amount of recovery, including statutory damages, attorneys' fees and costs, and cost of injunctive relief not to exceed $74,999. *Id*.

## II.   Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be

removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a).

## III. Discussion

Plaintiffs move to remand because the sole cause of action and prayer for relief arise solely under California law. Mot. at 2. Plaintiffs argue they did not include any federal causes of action in the Complaint, including any violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. *Id*. at 3. Instead, Plaintiffs argue that they alleged Defendant violated Section 51 of California's Civil Code based on its failure to provide equal access for people with disabilities to the accommodations, advantages, privileges, and services of www.earthsbounty.com. *Id*. Plaintiffs argue that while they acknowledge in the Complaint that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act," and that Defendant's conduct likewise violated the ADA, *id.* (citing Compl. ¶¶ 28–31), Plaintiffs did not allege a cause of action under the ADA and do not seek any relief pursuant to the ADA. *Id*.

Defendant responds that whether or not a district court has federal question jurisdiction in a case alleging a violation of the Unruh Act depends on whether the plaintiff is seeking injunctive relief or statutory damages and whether his Unruh Act claim is premised upon violations of federal or state accessibility standards. Opp'n at 6. Defendant argues that Plaintiffs cannot purposefully evade federal jurisdiction by alleging only a violation of the Unruh Act even though it is premised on a violation of the ADA. *Id*. According to Defendant, federal question jurisdiction exists because Plaintiffs seek injunctive relief and the Unruh Act claim is based exclusively upon violations of the ADA. *Id*. at 9. Moreover, Defendant argues that Plaintiffs' complaint expressly states that Defendant's website violates the ADA because it purportedly does not comply with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). *Id*. Defendant notes that the Unruh Act does not contain any website accessibility standards and make no mention whatsoever of the WCAG 2.0. *Id*. Finally, Defendant complains that Plaintiffs' counsel has chosen not to move to remand other identical actions where they apparently prefer the federal judge over the state judge. *Id*. at 11–12.

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005). However, there is a "special" and "small"

category of cases in which federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *See id*. A state-law claim "arises under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id*. at 314. In other words, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id*. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*." Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiffs' cause of action and prayer for relief do not present an essential question of federal law. Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead any federal causes of action. It is true, as Plaintiffs acknowledge in their Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f). But "[c]ourts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims." *See Jackson v. Yoshinoya America Inc.*, Case No. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim")). Plaintiffs' complaint does not "implicate significant federal issues." *Grable*, 545 U.S. at 312.

## IV. Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under §

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court declines to award attorney's fees in this instance. According to Defendant, this motion would have been unnecessary if Plaintiffs stipulated that it was not seeking recovery under federal law. While the Court is bound by the well-pleaded complaint rule and must remand this case, the Court denies any request for fees.

## V.     Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of Riverside.

The Clerk shall serve this minute order on the parties.